## United States District Court
## Central District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | CR08-106 CBM |
| Defendant  JENSEN ROBERT QUAN | Social Security No. 5 1 3 9 | |
| akas: | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| OCT. | 26 | 2010 |

**COUNSEL** [x] WITH COUNSEL     Callie Glanton Steele, DFPD, appointed
(Name of Counsel)

**PLEA** [x] **GUILTY**, and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE** [ ] **NOT GUILTY**

**FINDING** There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of: Possession of Child Pornography, in violation of 18 USC 2252A(a), as charged in the Indictment

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Twenty Four (24) Months, to be followed by a Twelve (12) Month period of home detention with electronic monitoring. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Five (5) Years under the following terms and conditions: 1. the defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2. the defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breach, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision; 3. as directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's substance abuse and mental health to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. Section 3672, unless the defendant shows an ability to pay. The defendant shall provide payment and proof of payment as directed by the Probation Officer; 4. during the period of community supervision the defendant shall pay the special assessment in accordance with this Judgment's orders pertaining to such payment; 5. the defendant shall cooperate in the collection of a DNA sample from the defendant; 6. the defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Office rprior to the first use. Computers and computer-related devices are personal computers, personal data assistants (PDAx), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards and other computers; 7. all computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer, or a school site; 8. the defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probationofficer, of the defendant's person and any property, house, residence, vehicle, papers ,computer, other
electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions; 9. the defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the Probation Officer's approval. The Probation Officer shall disclose the presentence report and any mental health evaluations to the treatment provider. In ordering the defendant to take all prescribed antipsychotic medication as directed by a medical professional, the Court has considered the medically-informed

| USA vs. JENSEN ROBERT QUAN | Docket No.: | CR08-106 CBM |
|---|---|---|

record one that encompassed an independent and timely evaluation of the defendant by a medical professional, including

attention to the type of drugs proposed, their dosage, and the expected duration of the defendant's exposure to such drugs. The defendant had the opportunity to challenge the evaluation and to offer the defendant's own medical evidence in response. The Court finds that this order involves no greater deprivation of liberty than is reasonably necessary for the purposed set forth in 18 USC Sections 3553(a)(2)(B), (C )and (D).; 10. the court authorizes the Probation Officer to disclose the Presentence Report, andor any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence Report), to State or local social services agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation; 11. the Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment; 12. the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within three (3) days of release from imprisonment; 13. immediately following sentencing, the defendant shall report directly to the probation office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006; 14. the defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program. The Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider; 15. as directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. Section 3672. The defendant shall provide payment and proof of payment, as directed by the Probation Officer; 16. the defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. 2256(8); This conditions does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared for use for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of his possession of the material in advance; 17. the defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer; 18. the defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18 without the approval of probation; 19. the defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services with the approval of probation; 20. the defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and or organization that causes him to regularly contact persons under the age of 18 with the approval of probation; 21. the defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shll submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change; 22. the defendant shall not reside within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10days prior to any scheduled move; and 23. the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and his effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before January 31, 2011 at 12:00 Noon. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California .

| USA vs. | JENSEN ROBERT QUAN | Docket No.: | CR08-106 CBM |

It is further ordered that the defendant's bond shall be exonerated upon surrender.
THE COURT RECOMMENDS that the defendant be designated to a facility in the Southern California area.
The defendant was advised of his right to appeal.



| USA vs. JENSEN ROBERT QUAN | Docket No.: | CR08-106 CBM |
|---|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

___11/3/10___  
Date

_____  
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

___11/3/10___  
Filed Date

Clerk, U.S. District Court

By _____  
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   JENSEN ROBERT QUAN                         Docket No.:                         CR08-106 CBM

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| USA vs.   JENSEN ROBERT QUAN | Docket No.: | CR08-106 CBM |
|---|---|---|

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date

Deputy Marshal

| USA vs. | JENSEN ROBERT QUAN | Docket No.: | CR08-106 CBM |
|---|---|---|---|

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____  Deputy Clerk
Filed Date

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____     _____
        Defendant                                    Date


_____                 _____
U. S. Probation Officer/Designated Witness              Date